Daniel W. Maguire (SBN 120002)
E-mail: *dmaguire@bwslaw.com*
Nicholas J. Muscolino (SBN 273900)
E-mail: *nmuscolino@bwslaw.com*
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Plaintiff
Sun Life Assurance Company of Canada (U.S.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC SPECIALTY INSURANCE COMPANY, a corporation; and DOES 1-30, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **[28 U.S.C. §§ 2201, 2202]** |

Plaintiff Sun Life Assurance Company of Canada (U.S.) ("Sun Life") alleges as follows:

**PARTIES**

1. Sun Life is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the Commonwealth of Massachusetts. At all times relevant hereto, Sun Life was authorized to transact and was transacting the business of insurance within the State of California.

2. Defendant Pacific Specialty Insurance Company ("PSIC") is a corporation organized and existing under the laws of the State of California. Sun Life is informed and believes that PSIC maintains its principal place of business in the City of Menlo Park, County of San Mateo, in the Northern District of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 30, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and/or may claim the right or power to direct the business affairs of PSIC and/or surrender the Policy at issue, and receive its cash surrender value. Plaintiff will seek leave of this court to amend this Complaint to insert their true names and capacities in place and in stead of the fictitious names when they become known to it.

## JURISDICTION AND VENUE

4. The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000. The surrender value of the Policy of Corporate Owned Life Insurance at issue in this action exceeds the sum of $10 million.

5. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(c), diversity of citizenship.

6. Venue is proper within this district because the contract that is the subject of this action was entered into in the Northern District of California and the

request for the surrender value of the contract was made from the Northern District of California.

## STATEMENT OF FACTS

7. Pursuant to a duly executed application for Corporate Owned Life Insurance ("COLI") dated March 1, 2011, Sun Life issued to PSIC a COLI policy, identified as Flexible Premium Variable Universal Life Insurance Policy No. V312 (the "Policy"). PSIC is the owner and beneficiary of the Policy.

8. As part of the application, PSIC designated two individuals to represent PSIC in connection with the exercise of its rights under the Policy: Brian J. McSweeney (General Counsel, Secretary) and Timothy J. Summers (President).

9. The rights and liabilities of the parties under the Policy are governed by its contractual terms. Attached hereto as *Exhibit 1* is a true and correct duplicate copy of Policy No. V312. The original is in the possession of the policyholder, PSIC.

10. Under the Policy, PSIC has the right to surrender the Policy for its cash surrender value at any time. PSIC designated two individuals with signature authority to request surrender of the Policy: Brian J. McSweeney(General Counsel, Secretary) and Timothy Summers(President).

11. On July 16, 2013, purported representatives of PSIC submitted paperwork to Sun Life requesting a full surrender of the Policy's cash surrender

value. The paperwork was signed by "Brian Cohen, CEO," and another individual whose signature is illegible and is identified as "Vice President, Claims."

12. The current surrender value of the Policy exceeds $10 million.

13. Neither of the individuals who signed PSIC's July 16, 2013 surrender request were the authorized signers PSIC designated as having authority to request surrender of the Policy. Therefore, Sun Life determined that the surrender request was "not in good order" and declined to process the surrender.

14. Shortly after declining PSIC's surrender request, Sun Life learned of litigation among the directors of PSIC, Western Service Contract Corporation (PSIC's corporate parent), and the McGraw Company. Specifically, Sun Life learned that on October 31, 2012, in *Morrical v. Rogers*, Case No. Civ. 513558, the Superior Court for the County of San Mateo entered a judgment invalidating the election of PSIC's current board of directors and all actions taken by that board of directors.

15. The defendants in *Morrical v. Rogers* appealed from the Superior Court judgment. The Court of Appeal heard oral argument and took the matter under submission on September 26, 2013. No opinion had been issued as of October 11, 2013.

16. Notwithstanding the pending appeal in *Morrical v. Rogers*, on May 2, 2013, PSIC's Board of Directors, with the sole exception of Ann Morrical – the plaintiff in *Morrical v. Rogers* –voted to "sell" the Policy. At the beginning of that meeting, Ms. Morrical read the following statement into the record:

> Ann Morrical, observing this meeting to which I object as being any meeting of the Board of Directors. The meeting was not noticed by anyone authorized to do so, and the Altamont participants are not directors. I have encouraged the Altamont control group to refrain from making significant changes to the business and I do so again. The appeal of the judgment declaring the election of the Altamont individuals as directors and the transfer of control to be invalid will be determined in the near future and all significant decisions should await that determination.

Ms. Morrical abstained from the vote on whether to surrender the Policy. A copy of the minutes from PSIC's May 2, 2013 special meeting is attached as *Exhibit 2*.

17. Sun Life is not familiar with all issues raised in litigation by and between the directors of PSIC, the McGraw Company, and Western Service Contract Corporation, and Sun Life is not a party thereto. However, Sun Life is informed and believes that a dispute exists between or among various parties and entities as to whether the Policy should be surrendered, as more fully described below.

18. By letter dated September 13, 2013, Sun Life, through its counsel, informed PSIC's Chief Financial Officer, Mary E. Queen, that PSIC's July 16, 2013 surrender request could not be processed because it "was not signed by an authorized signer of PSIC on file with Sun Life." Citing the proceedings in *Morrical v. Rogers*, the letter continued that "[g]iven the legal uncertainty as to which persons or entities are authorized to transact business with Sun Life concerning the COLI policy, Sun Life remains unable to take any action with respect to the contract." A true and correct copy of that letter is attached hereto as *Exhibit 3*.

19. Sun Life received PSIC's response to its September 13, 2013 letter in a letter dated September 24, 2013 from PSIC's counsel, Jim Hartnett. Mr. Hartnett reiterated PSIC's demand that Sun Life immediately surrender the Policy. He warned that "[a]ppropriate legal steps will be taken by PSIC if your client does not promptly perform," and demanded full payment, plus statutory interest, "immediately, but in no event later than September 30, 2013." The letter did not address PSIC's concern that the signatories to PSIC's July 16, 2013 surrender request were not the authorized signers that PSIC had designated as having authority to request surrender of the Policy. A true and correct copy of Mr. Hartnett's letter is attached hereto as *Exhibit 4*.

20. On October 9, 2013, contact was established with the attorney for Ann Morrical, one of the parties whom Sun Life believes is involved in the dispute over who has the authority to control the operations and assets of PSIC. Ms. Morrical's attorney, Larry Jacobsen, advised that Ms. Morrical believes that everything the current PSIC board is doing is unauthorized and illegal, and that the Superior Court in *Morrical v. Rogers* agreed with her.

21. If Sun Life processes PSIC's July 16, 2013 surrender request, it could be liable to PSIC on a variety of theories for allowing non-designated individuals to surrender the Policy. On the other hand, the ability of PSIC's current Board of Directors to designate new authorized individuals with signing authority to surrender the Policy is questionable given the ongoing litigation in *Morrical v. Rogers* and potentially other cases.

22. If the Policy is surrendered now, Sun Life cannot reverse and reassemble the Policy later. Rather, PSIC would have to apply for a new COLI Policy at current rates.

23. By reason of the above, there exist adverse and potentially conflicting claims regarding PSIC's request to surrender the Policy. PSIC continues to demand the surrender of the Policy although (1) Sun Life informed PSIC that the paperwork it submitted requesting the surrender was not signed by the signatories PSIC designated as having authority to surrender the Policy; and (2) the legal authority of PSIC's current Board of Directors to request the surrender is questionable given the ongoing litigation in *Morrical v. Rogers*. As a result of these uncertainties, Sun Life is unable to discharge any obligations it may have under the Policy without exposing itself to potential liability to PSIC.

24. Sun Life claims no beneficial interest in the Policy, and has no interest in whether or not PSIC surrenders the Policy.

25. Sun Life should not be compelled to become involved in the actual or potential disputes and contentions of the various parties with respect to who has the legal right to control the operations and/or assets of PSIC, as they relate to the Policy.

26. Sun Life has and will continue to incur attorney's fees and costs in bringing this action to seek a declaration of its rights and liabilities to these conflicting claimants.

## FIRST CAUSE OF ACTION
### (FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. §§ 2201, 2202)

27. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 26, above, as though fully set forth herein.

28. An actual dispute presently exists between and among a number of parties regarding who has the legal right and authority to control the operations and assets of PSIC, including who has the right to instruct Sun Life to surrender the Policy. As a result of that dispute and PSIC's failure to submit surrender request forms signed by its designated signatories, Sun Life cannot determine whether PSIC's current Board of Directors has the authority to surrender the Policy. Accordingly, despite PSIC's demand that it immediately do so, Sun Life cannot surrender the Policy and distribute the approximately $10 million in surrender proceeds to PSIC without exposing itself to potential liability.

29. Sun Life cannot deposit the Policy's cash surrender value into the registry of the Court, because in order to do so, Sun Life would be required to liquidate the Policy, which it cannot reverse.

30. Based on the above, Sun Life is exposed to potential liability if it allows PSIC to surrender the Policy and if it refuses to allow PSIC to surrender the policy pending the outcome of litigation concerning who has authority to manage and direct PSIC's affairs.

**PRAYER**

WHEREFORE, Plaintiff Sun Life Assurance Company of Canada (U.S.) prays for judgment as follows:

1. That PSIC and/or anyone purporting to act on its behalf are restrained from instituting any action against Sun Life for surrender or liquidation of the Policy at issue, or any part thereof;

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4844-2580-4822 v1    - 8 -    COMPLAINT FOR DECLARATORY JUDGMENT

2. That PSIC be required to establish the individuals or entities that have authority to control the operations and assets of PSIC, to the extent of PSIC's rights under the Sun Life Policy;

3. That the Court declare the rights and liabilities of the parties in this action;

4. That the Court issue an order upon reasonable advance notice, directing Sun Life whether or not to surrender the Policy;

5. That the Court award Sun Life its actual costs and reasonable attorney's fees incurred in connection with this action; and

6. For such additional and further relief as the Court deems just and proper.

DATED: October 11, 2013

BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE
NICHOLAS J. MUSCOLINO

By: *s/ Daniel W. Maguire*
DANIEL W. MAGUIRE
Attorneys for Plaintiff
Sun Life Assurance Company of Canada (U.S.)